O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS GATE TELEVISION INC., a corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>ABDULLA AL FALASI, individually; UNIQON EMIRATES, LLC, a corporation; EHAB HABIB, individually; DOES 1 through 20, inclusive,<br><br>              Defendants. | CV 10-00757 RSWL (RCx)<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ABDULLA AL FALASI AND EHAB HABIB [31]** |

    Plaintiff Lions Gate Television Inc.'s Application for Default Judgment against Defendants Abdulla Al Falasi and Ehab Habib was set for hearing on January 25, 2011 [31]. Having taken the matter under submission on January 20, 2011, and having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    Plaintiff's Application for Default Judgment against Defendants Abdulla Al Falasi and Ehab Habib is

**GRANTED** with regard to only the Breach of Contract claim.

The Court finds that Plaintiff has met the procedural requirements for a default judgment against Defendants Abdulla Al Falasi and Ehab Habib on its claim for Breach of Contract. Furthermore, the Court finds the substantive factors set forth by the Ninth Circuit in <u>Eitel v. McCool</u>, 782 F.2d 1417, 1471-72 (9th Cir. 1986), weigh in favor of granting default judgment. Thus, Plaintiff has met all procedural and substantive requirements. Plaintiff's Application for Default Judgment against Defendants Abdulla Al Falasi and Ehab Habib is hereby **GRANTED** with respect to Plaintiff's Breach of Contract claim.

Plaintiff requests a total of $5,986,093.29 in damages. Specifically, Plaintiff requests the following: 1) $5,435,685.15 in damages arising from the Breach of Contract claim, 2) costs pursuant to California Civil Code § 1033.5 in the amount of $6,839.62 and 3) prejudgment interest pursuant to California Code of Civil Procedure § 3289 in the amount of $543,568.52.

The Court **GRANTS** Plaintiff's request for damages arising from the Breach of Contract claim, as the Court finds that Plaintiff has sufficiently pled and proven its damages as to this claim. Plaintiff is therefore entitled to recover the requested damages, in the amount of $5,435,685.15.

Next, Plaintiff requests costs in the amount of $6,839.62. Included in this request for costs is a request for $1,069.86 in postage fees. However, pursuant to California Code of Civil Procedure § 1033.5(b)(3), postage fees are not recoverable unless they are expressly authorized by law. Cal. Code Civ. P. § 1033.5(b)(3). The Court finds that Plaintiff has failed to provide a legal basis upon which it is entitled to recover the requested $1,069.86 in postage fees here. As such, while the Court **GRANTS** Plaintiff's request for costs, the Court instead awards Plaintiff costs in the amount of $5,770.06.

Finally, Plaintiff requests prejudgment interest on its Breach of Contract damages. The Court finds that pursuant to California Civil Code § 3289, Plaintiff is entitled to prejudgment interest here. Cal. Civ. Code § 3289. However, with regard to the amount of prejudgment interest, the Court finds that Plaintiff should be entitled to prejudgment interest to the date of entry of judgment, and not just until February 1, 2011. As such, the Court orders Plaintiff to submit a Proposed Judgment to the Court reflecting the new calculation of the prejudgment interest amount.

The Court will enter judgment once Plaintiff files a notice of dismissal as to the outstanding negligent misrepresentation claim and the Case has been resolved
///
///

with regard to the remaining Defendant, Uniqon Emirates, LLC.

DATED: April 25, 2011

**IT IS SO ORDERED.**

RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge